IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR T. GRIFFIN JR., | |
| Petitioner, | **8:22CV85** |
| vs. | |
| STATE OF NEBRASKA, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Filing 1.) Petitioner alleges that he is challenging his judgment of conviction entered in the District Court of Douglas County, Nebraska in Case No. CR21-3500. (*Id.* at CM/ECF p. 1.) The court takes judicial notice of Petitioner's state court records in *State v. Arthur Griffin Jr.*, Case No. CR21-3500, District Court of Douglas County, Nebraska, which show that he was sentenced to 180 days' imprisonment with credit for 132 days served on January 20, 2022.[1] (*See also id.*).

A *federal* prisoner challenging the legality of his sentence must raise his claims in a motion under 28 U.S.C. § 2255, but a prisoner in *state* custody challenging his state-court judgment of conviction must do so through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Accordingly, the court hereby notifies Petitioner that it intends to characterize his Motion Under 28 U.S.C. § 2255 as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus

---

[1] I take judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise <u>all</u> his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

IT IS THEREFORE ORDERED that:

1. Petitioner must voluntarily withdraw his habeas corpus petition within 30 days if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254. If Petitioner fails to respond to this order, the court will construe his petition as one filed pursuant to 28 U.S.C. § 2254 and will conduct further review of his petition.

2. To the extent Petitioner would like to raise any additional claims in this action, he must do so by filing an amended petition for writ of habeas corpus. Petitioner must set forth all of his claims in an amended petition for writ of habeas corpus, even those identified in his original petition. To this end, the clerk of the court is directed to send to Petitioner the Form AO 241 (Petition for Relief From a Conviction or Sentence By a Person in State Custody). Any amended petition must be filed by Petitioner within 30 days.

3. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number.

4. The clerk of the court is directed to set the following pro se case management deadline: **April 11, 2022**: check for request to withdraw or amended habeas petition.

Dated this 11th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge