IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR T. GRIFFIN JR., | |
| Petitioner, | 8:22CV85 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

On March 2, 2022, Petitioner filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," which the court docketed as a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. (Filing 1.) On March 11, 2022, the court gave Petitioner notice that it would construe his Motion Under 28 U.S.C. § 2255 as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Filing 5.) The court gave Petitioner 30 days to either voluntarily withdraw his petition or to amend his petition if he wished to raise any additional claims. Petitioner has not moved to withdraw his petition, nor has he filed an amended petition. The court, therefore, construes the petition as one filed pursuant to 28 U.S.C. § 2254 and conducts a preliminary review of the petition under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons that follow, the court will dismiss the petition without prejudice.

Petitioner alleges he pleaded no contest to a charge of possession of a controlled substance on January 20, 2022 and was sentenced that same day to probation in the District Court of Douglas County, Nebraska, Case No. CR21-3500. (Filing 1 at CM/ECF p. 1.) However, as the court noted in its March 11, 2022 Memorandum and Order (filing 5), Petitioner's state court records, available to this court online, show that Petitioner was sentenced on January 20, 2022 to 180 days' imprisonment in the Douglas County Correctional Center ("DCCC") with

credit for 132 days served. The court takes judicial notice of the state court records in *State v. Arthur Griffin Jr.*, Case No. CR21-3500, District Court of Douglas County, Nebraska.[1]

Given the sentence imposed upon Petitioner, the question becomes whether Petitioner was still in custody pursuant to his conviction in CR21-3500 when he filed his petition on March 2, 2022. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2254(a)); *see also Leonard v. Nix*, 55 F.3d 370, 372–73 (8th Cir. 1995); *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991), *cert. denied*, 502 U.S. 828 (1991). The Supreme Court interprets the "statutory language as requiring that the petitioner be 'in custody' under the conviction or sentence under attack at the time" the petitioner files the habeas petition. *Maleng*, 490 U.S. at 490–91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *see also Weaver*, 925 F.2d at 1099 ("Custody is tested at the time of filing the petition. A person must be in custody under the conviction or sentence attacked at the time of filing. A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement." (internal citations omitted)). Therefore, once a person has fully served a state prison sentence, he cannot thereafter seek federal habeas corpus review of that sentence, or the conviction that caused it.

Here, if Petitioner had to serve all remaining 48 days of his sentence (180 days less 132 days served), then Petitioner would have been in custody until March 9, 2022. However, that assumption fails to take into account the applicable state good time law. In Nebraska,

---

[1] *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

> Any person sentenced to or confined in a city or county jail, . . . shall, after the fifteenth day of his or her confinement, have his or her remaining term reduced one day for each day of his or her sentence or sanction during which he or she has not committed any breach of discipline or other violation of jail regulations.

Neb. Rev. Stat. § 47-502 (Reissue 2021). By the court's calculation, a person sentenced to 180 days in county jail would only serve approximately 98 days total, assuming no disciplinary loss of good time. Thus, Petitioner's credit of 132 days served towards his 180-day sentence would appear to put his release sometime before March 2, 2022.

Fortunately, the court need not speculate about when Petitioner was released from custody in CR21-3500 because the court's own records establish that Petitioner was not in custody immediately after his sentencing on January 20, 2022. In another habeas case filed by Petitioner, the court mailed an order and judgment to Petitioner at the DCCC on January 20, 2022, which was returned to the court as undeliverable because Petitioner had been released. (Filing 18, Case No. 8:21CV377.) Similarly, Petitioner's state court records show that an order sent to Petitioner at the DCCC on January 19, 2022, was returned to the state district court for the same reason. Additionally, the online records of the Douglas County Department of Corrections show that Petitioner was admitted to the facility on January 27, 2022 and is being held on charges of third degree assault on an officer or health care provider, smoking in a public place, resisting arrest, and obstruction of a law enforcement officer or firefighter, not possession of a controlled substance for which he was convicted and sentenced in CR21-3500. *See* https://corrections.dccorr.com/accepted?datanum=1551891 (last visited April 20, 2022).[2]

---

[2] The court also takes judicial notice of the public records of the Douglas County Department of Corrections. *See Stutzka*, *supra* n.1.

Based on the court's own records and the judicially noticed state records, Petitioner was not "in custody" pursuant to his state court conviction in CR21-3500 when he filed the current petition. The records clearly show that his sentence for that conviction had already expired when he filed this habeas petition. Therefore, Petitioner cannot satisfy the "in custody" requirement imposed by 28 U.S.C. § 2254(a). *See Maleng*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." (emphasis in original)). Because Petitioner was not "in custody" pursuant to his conviction in CR21-3500 when he filed his current petition, the court lacks subject matter jurisdiction over this habeas proceeding. *See Weaver*, 925 F.2d at 1099 (A "district court lacks subject-matter jurisdiction" if the "petitioner does not satisfy the custody requirement."); *see also Love v. Tippy*, 128 F.3d 1258, 1258–59 (8th Cir. 1997) (per curiam); *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 926 (1995); *Miles v. Maschener*, 175 F.3d 1025 (8th Cir. 1999) (per curiam) (unpublished) (Table Decision).

The court recognizes that Petitioner is currently confined at the DCCC for other pending charges. The court is also mindful that there may be other "collateral consequences" attributable to Petitioner's conviction in CR21-3500, such as possible sentence enhancements on later convictions, the inability to vote, engage in certain businesses, hold public office, or serve as a juror. *See Maleng*, 490 U.S. at 491–92; *Carafas*, 391 U.S. at 237. It is well-settled, however, that such collateral consequences alone do not satisfy the statutory "in custody" requirement of the federal habeas corpus statute. As the Supreme Court explained in *Maleng*, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." 490 U.S. at 492. Therefore, even though Petitioner might have experienced, might still be experiencing, or might experience in the future, some adverse consequences from his conviction in CR21-3500, those collateral consequences do not cause him to currently be "in custody" in CR21-3500 for purposes of § 2254(a). *See id*.

In sum, because Petitioner was no longer serving his sentence for his conviction in CR21-3500 when he filed this habeas petition, he cannot satisfy the "in custody" prerequisite for seeking federal habeas corpus review of that conviction. Accordingly, the court lacks jurisdiction over this case and will dismiss the petition without prejudice. *See Love*, 128 F.3d at 1258–59; *Charlton*, 53 F.3d at 929; *Miles*, 175 F.3d 1025.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice for lack of jurisdiction. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 20th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge